## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
## PHILADELPHIA DIVISION

| | |
|---|---|
| In Re:<br><br>    UMER UR RAHMAN<br>        Debtor(s)<br>ARVEST BANK<br>        Movant<br>v.<br>UMER UR RAHMAN<br>        Debtor(s)<br>IQRA SAJID<br>        Co-Debtor<br>KENNETH E. WEST<br>        Trustee<br>        Respondent(s) | Chapter 13<br><br>Case Number: 25-14451-djb |

## MOTION FOR RELIEF FROM AUTOMATIC STAY AND CO-DEBTOR STAY WITH RESPECT TO PROPERTY: 1813 SW PINE AVE, BENTONVILLE, AR 72713

Arvest Bank, through its Counsel, Stern & Eisenberg PC, respectfully requests the Court grant its Motion for Relief and §1301 and in support thereof respectfully represents as follows:

1. Movant is Arvest Bank (hereafter referred to as "Movant").

2. Movant previously sought and obtained relief from stay pursuant to 11 U.S.C. §362, but now seeks to perfect such relief under 11 U.S.C. §1301 as well.

3. Debtor(s), Umer Ur Rahman and Iqra Sajid (hereinafter, "Debtor(s)"), is/are, upon information and belief, adult individual(s) whose last-known address is 1813 SW Pine Ave, Bentonville, AR 72713.

4. On September 19, 2023, Iqra Sajid and Umer Rahman, executed and delivered a Note in the principal sum of $419,265.00 to Arvest Bank, a Corporation.  A copy of the Note is attached as Exhibit "A" and is hereby incorporated by reference.

5. As security for the repayment of the Note, Umer Rahman and Iqra Sajid, executed and delivered a Mortgage to Arvest Bank..  The Mortgage was duly recorded in the Office of the Recorder of Deeds in and for Benton County on September 21, 2023 in Book , Page and/or Instrument L202348881.  A copy of the Mortgage is attached as Exhibit "B" and is hereby incorporated by reference.

6. The Mortgage encumbers Debtor's real property located at 1813 SW Pine Ave, Bentonville, AR 72713.

7. By assignment of mortgage, the loan was ultimately assigned to  Arvest Bank.  A true and correct copy of the assignment is attached as Exhibit "C" and is hereby incorporated by reference.

8. Debtor(s) filed the instant Chapter 13 Bankruptcy on October 31, 2025 and, as a result, any state court proceedings were stayed.

9. It is believed and therefore averred that Debtor(s) filed the instant bankruptcy as an additional delay in order to prevent Movant from proceeding with the state court proceedings or otherwise institute proceedings as allowed under the Mortgage.

10. Debtor's mortgage loan is in default and is currently due for the November 1, 2025 payment and each subsequent payment through the date of the motion.  Debtor(s) has/have failed to make the following post-petition payments to Movant:

**POST-PETITION PAYMENTS IN DEFAULT**

| | |
|---|---|
| Monthly Payments in Default........................ | 11/01/2025 to  06/01/2026 |
| Monthly payments ($3,659.34 x 8) | $29,274.72 |
| Monthly Payments in Default........................ | 07/01/2026 to 07/01/2026 |
| Monthly payments ($3,911.18 x 1) | $3,911.18 |
| Total Amounts Due as of July 1, 2026: | $33,185.90 |

11. In addition, Movant has incurred counsel fees and costs in association with Debtor's default and this motion.

12. As a result of the Debtor's default and failure to make payments or to otherwise adequately provide for Movant in the bankruptcy filing, Movant is not adequately protected and is entitled to relief.

13. Further, the Debtor's Schedule D indicates a valuation of the property in the amount of $420,286.00, with Movant's first lien against the property in the amount of $448,209.55. Accordingly, there is no equity in the Property and the property is not necessary for an effective reorganization.  A copy of the Debtor's Schedule D is attached as Exhibit "D" and incorporated herein by reference.

14. To the extent the Court does not find that relief is appropriate, then Movant requests that the stay be conditioned such that in the event the Debtor(s) fall(s) behind on post-petition payments or trustee payments that Movant may receive relief upon default by the Debtor(s) of the terms of the conditional order.

15. Movant requests that the stay of Bankruptcy Rule 4001(a)(4) be waived.

WHEREFORE, Movant, Arvest Bank, respectfully requests this Court to grant the appropriate relief under 11 U.S.C. §362 and §1301 from the automatic stay as set forth in the proposed order together with waiver of Bankruptcy Rule 4001(a)(4).

Respectfully Submitted:

Stern & Eisenberg, PC

By: */s/ Daniel P. Jones*
Daniel P. Jones
1581 Main Street, Suite 200
The Shops at Valley Square
Warrington, PA 18976
Phone: (215) 572-8111
Fax: (215) 572-5025
Bar Number: 321876
Date: July 21, 2026                        Email: djones@sterneisenberg.com